Annette D. Kirkham (State Bar # 211756)
FAIR HOUSING LAW PROJECT
111 West Saint John Street, Suite 315
San Jose, California 95113
Telephone: (408) 280-2410
Facsimile: (408) 293-0106

FILED

2007 NOV -8 P 3:41

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Attorneys for Plaintiff CHARLES N. PEREZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (San Jose Division)

CHARLES N. PEREZ,

    Plaintiffs,

v.

EMERGENCY HOUSING CONSORTIUM, a California non-profit corporation; EHC LIFEBUILDERS, and MARKHAM TERRECE APARTMENTS,

    Defendants.

Case No.: C07 05690 PVT

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. In this action, plaintiff Charles Perez, an individual with serious physical and mental disabilities, seeks injunctive, declaratory and monetary relief against defendants Emergency Housing Consortium, EHC Lifebuilders, and Markham Terrace Apartments who are the owners and operators of a subsidized apartment complex located at 2112 Monterey Road in San Jose, California, for failing to make a reasonable accommodation in their policies and practices regarding his disability conditions, in violation of federal and state fair housing laws.

2. Defendants have failed to grant Mr. Perez's reasonable accommodation requests to allow him to have an in home care attendant so that Mr. Perez can continue to reside in his apartment.

## II. JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiff's state law claims because those claims are related to plaintiff's federal law claims and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to plaintiff's federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

## III. INTRADISTRICT ASSIGNMENT

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Northern District of California.

5. Intradistrict assignment in San Jose is proper since the unlawful conduct that gives rise to these claims occurred in Santa Clara County.

## IV. PARTIES

6. Plaintiff Charles Perez, a 61-year old disabled man, is a tenant at Markham Terrace, at 2112 Monterey Road, in San Jose, California. He has been a tenant there for two years. Mr. Perez is disabled. Mr. Perez suffers from physical disabilities including diabetes, end stage kidney disease, and chronic lung disease As such, Mr. Perez is a handicapped person within the meaning of the federal Fair Housing Amendments Act of 1988, 42 U.S.C. §3602(h), and the California Fair Employment and Housing Act, Cal. Gov't Code § 12955.3. Mr. Perez receives Supplemental Security Insurance ("SSI") benefits of approximately $830 per month as his only source of income.

7. At all times relevant herein, defendant Emergency Housing Consortium, a non-profit California corporation, with its principal place of business located at 2665 North First

Street, in San Jose, California, has owned two large subsidized housing complexes in San Jose, California. Mr. Perez is a tenant at Markham Terrace, one of the complexes. Defendants are engaged in the business of renting apartment units to members of the public.

8. At all times relevant herein, defendant EHC Lifebuilders, has operated and managed Markham Terrace, a subsidized housing complex located at 2112 Monterey Road, in San Jose, California. Defendants are engaged in the business of renting apartment units to members of the public.

9. At all times relevant herein, defendant Markham Terrace, was a subsided apartment complex with 95 units.

10. At all times relevant herein, defendants have received federal governmental subsidies in order to provide housing for lower-income residents.

11. At all times relevant herein, defendants were the agents, servants and employees of each other; each defendant was acting within the scope of such agency or employment in doing the things herein alleged; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each other.

## V.    FACTS

12. In February 2007, Mr. Perez's doctor advised that Mr. Perez have an in-home caretaker so that he could continue to live independently and avoid injury.

13. Mr. Perez's doctor provided a letter of support for Mr. Perez to give to his property managers at Markham Terrace. Mr. Perez gave defendant Markham Terrace a copy of this letter in late February 2007.

14. Mr. Perez did not receive a response to his request.

15. Therefore, Mr. Perez assumed that his request for accommodation had been granted.

16. Based on his belief that his reasonable accommodation request had been granted, Mr. Perez obtained the assistance of his son, Jason, to be his in-home caregiver.

17. Mr. Perez's son Jason was then approved by Santa Clara County's Public Authority In-Home Supportive Services, to provide the care and assistance Mr. Perez required in order to live independently.

18. On August 31, 2007, Mr. Perez received a 60-Day Notice to Terminate his Tenancy from defendant EHC Lifebuilders.

19. The 60 Day Notice alleged that Mr. Perez had violated his lease agreement by having an unauthorized occupant in his unit.

20. On September 2, 2007, Mr. Perez sent defendants EHC Lifebuilders, Emergency Housing Consortium and Jennifer Loving a letter disputing that he had violated his lease and once again requested that defendants accommodate his disabilities.

21. Instead of receiving a response to his letter, defendants issued yet another 60-Day Notice of Termination of Tenancy on September 12, 2007.

22. On October 16, 2007, Mr. Perez's attorney renewed Mr. Perez's accommodation request and provided yet another letter from Mr. Perez's doctor outlining the severity of Mr. Perez's disabilities and his need for an in-home caregiver.

23. The supporting letter from Mr. Perez's doctor detailed Mr. Perez's numerous disabilities and clearly explained the necessity of an in-home caregiver for Mr. Perez.

24. On October 23, 2007, Mr. Perez's attorney talked with the attorney representing EHC Lifebuilders with regard to the 60 Day Notice. Defendants' attorney said that they would contact their client to discuss Mr. Perez's request and would advise Mr. Perez's attorney regarding the status of his accommodation request.

25. On November 2, 2007, Mr. Perez's attorney sent yet another letter to defendants' attorney requesting a response to Mr. Perez's accommodation request.

26. The second 60-Day Notice expires on November 13, 2007, and Mr. Perez risks becoming homeless.

27. One of Mr. Perez's attorneys spoke to defendants' attorney who said that defendants were not going to honor Mr. Perez's accommodation request.

## VI.  INJURIES

28. The impending eviction as a result of defendants' failure to grant Mr. Perez's reasonable accommodation request has caused great hardship and distress to plaintiff. Since receiving the last 60-Day Notice from defendants, Mr. Perez has been without an in-home caregiver and is at significant risk for injury. If Mr. Perez if forced to move from the property, he will likely become homeless and his health will continue to deteriorate.

29. Defendants have failed to adequately train and supervise their employees, agents, and themselves regarding the federal and state fair housing laws.

30. Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against persons with disabilities in the operation of the property. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

31. By reason of defendants' unlawful acts and practices, Mr. Perez has suffered humiliation, mental anguish, and emotional distress, and the attendant physical injuries and conditions, as well as violation of his civil rights and jeopardy of his housing and his Section 8 certificate. Accordingly, Mr. Perez is entitled to compensatory damages.

32. Defendants acted intentionally, maliciously, wantonly, recklessly, and in bad faith as described herein. Accordingly, Mr. Perez is entitled to punitive damages.

33. There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws. Accordingly, Mr. Perez is entitled to declaratory relief.

34. Unless enjoined, defendants will continue to engage in the unlawful acts and discrimination described above. Mr. Perez has no adequate remedy at law. Mr. Perez is now suffering and will continue to suffer irreparable injury from defendants' acts and their discrimination against disabled persons unless relief is provided by this Court. Accordingly, Mr. Perez is entitled to injunctive relief.

## VII.  CLAIMS

### A. FIRST CLAIM

### [Fair Housing Amendments Act, 42 U.S.C. § 3601 et seq.]

35. Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 above.

36. Defendants injured Mr. Perez in violation of the Fair Housing Amendments Act by:

   A. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford handicapped persons equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

   B. Discriminating or otherwise making unavailable dwellings because of handicap, in violation of 42 U.S.C. § 3604(f)(1);

   C. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of handicap, in violation of 42 U.S.C. § 3604(f)(2); and

   D. Interfering with any person in the exercise or enjoyment of rights guaranteed by the Fair Housing Amendments Act because of handicap, in violation of 42 U.S.C. § 3617;

37. As a proximate result of defendants' conduct, Mr. Perez has been damaged, and continues to suffer damage, as set forth above.

### B. SECOND CLAIM

**[California Fair Employment and Housing Act, Cal. Gov't. Code § 12955 et seq.]**

38. Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37.

39. Defendants have injured Mr. Perez in violation of the California Fair Employment and Housing Act by:

   A. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford disabled persons equal opportunity to use and enjoy a dwelling, in violation of Cal. Gov't Code §§ 12927(c), 12955(a);

    B.    Discriminating or otherwise making unavailable dwellings because of disability, in violation of Cal. Gov't Code §§ 12955(a), 12955(k);

    C.    Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of disability, in violation of Cal. Gov't Code §§ 12927(c), 12955(a); and

    D.    Harassing, evicting, or otherwise discriminating against persons in the rental of housing accommodations in retaliation for that person's opposition to practices unlawful under the California Fair Employment and Housing Act, in violation of California Government Code § 12955(f).

40.    As a proximate result of defendants' conduct, Mr. Perez has been damaged, and continues to suffer damage, as set forth above.

## C. THIRD CLAIM

### [Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)]

41.    Mr. Perez realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 40 above.

42.    On information and belief, defendants have received federal funding to build and operate Markham Terrace Apartments.

43.    Mr. Perez is a person with disabilities otherwise qualified to live at Markham Terrace Apartments.

44.    In doing the things alleged herein, defendants have violated their obligation under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, to operate Markham Terrace Apartments in a nondiscriminatory manner toward persons with disabilities.

45.    As a proximate cause of defendants' conduct, Mr. Perez has been damaged, as set forth above. Mr. Perez has suffered and continues to suffer damages, as alleged herein.

## D. FOURTH CLAIM

### [California Unruh Civil Rights Act, Cal. Gov't. Code § 51 et seq.]

46. Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 above.

47. In undertaking the acts herein alleged, defendants have violated Mr. Perez's right to fair housing under the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq., in that defendants discriminated against Mr. Perez based on his disabilities in the operation of the property, a business establishment.

48. The conduct of defendants alleged herein constitutes a denial of full and equal access to housing accommodations to Mr. Perez within the meaning of California Civil Code § 51 et seq.

49. As a proximate cause of defendants' conduct, Mr. Perez has been damaged, and continues to suffer damage, as set forth above.

### E. FIFTH CLAIM
### [California Civil Code §54.1]

50. Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49 above.

51. Defendants injured Mr. Perez by committing the following unlawful practices:

   A. Denying full and equal access to housing accommodations, in violation of California Civil Code § 54.1(b)(1); and

   B. Refusing to make reasonable accommodations in rules, policies, practices, or services when those accommodations may be necessary to afford individuals with disabilities equal opportunity to use and enjoy housing accommodations, in violation of California Civil Code § 54.1(b)(3)(B).

52. As a proximate cause of defendants' conduct, Mr. Perez has been damaged, and continues to suffer damage, as set forth above.

53. Pursuant to California Civil Code §54.1, Mr. Perez is entitled to statutory damages, among other remedies, of up to three times his actual damages as determined by a trier of fact.

### F. SIXTH CLAIM

### [Negligence]

54. Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53 above.

55. Defendants owed Mr. Perez a duty to operate the rental premises in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and each other to fulfill that duty. Defendants negligently violated that duty by discriminating against Mr. Perez on account of his disabilities. The ways that defendants violated that duty include, but are not limited to, negligently failing to train their employees and each other regarding the requirements of federal and state fair housing laws, negligently failing to hire persons who were familiar with the requirements of federal and state fair housing laws, negligently failing to supervise employees and agents regarding compliance with state and federal fair housing laws, and negligently failing to discipline or terminate employees who do not comply with the federal and state fair housing laws.

56. As a legal result of defendants' negligent conduct, Mr. Perez has suffered humiliation, mental anguish, and emotional distress, and the attendant physical injuries and conditions.

### VIII. RELIEF

WHEREFORE, Mr. Perez prays for the following relief:

1. That the Court assume supplemental jurisdiction over all state law claims, pursuant to 28 U.S.C. § 1367;

2. That the Court enjoin all unlawful practices complained about herein and impose affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants regardless of

disability, including providing training regarding fair housing laws for all employees and agents, and to enjoin defendants from:

    A. Refusing to make reasonable accommodations in their policies, practices, and rules for tenants' disabilities; and

    B. Discriminating against tenants with disabilities in the terms and conditions of their tenancy.

3. That the Court declare that defendants have violated the provisions of applicable federal and state fair housing laws;

4. That the Court award compensatory and punitive damages to plaintiff according to proof;

5. That the Court award up to three times the amount of actual damages to plaintiff against each defendant pursuant to California Civil Code § 54.1;

6. That the Court grant costs of suit, including reasonable attorney's fees; and

7. That the Court grant all such other relief as the Court deems just.

DATED: November 8, 2007

FAIR HOUSING LAW PROJECT

Annette D. Kirkham
Attorney for Plaintiffs

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Perez hereby requests a trial by jury as to each and every claim for which he is so entitled.

Dated: November 8, 2007

FAIR HOUSING LAW PROJECT

Annette D. Kirkham
Attorney for Plaintiffs