1  Annette D. Kirkham (State Bar # 217958)
   FAIR HOUSING LAW PROJECT
2  111 West Saint John Street, Suite 315
   San Jose, California 95113
3  Telephone: (408) 280-2410
   Facsimile: (408) 293-0106
4

5

6  Attorneys for: Plaintiff CHARLES N. PEREZ

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10 (San Jose Division)

11

| | |
|---|---|
| CHARLES N. PEREZ, | Case No.: C07-05690 PVT |
| Plaintiff, | PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINATRY INJUNCTION ENJOINING EVICTION OF CHARLES PEREZ |
| v. | |
| EMERGENCY HOUSING CONSORTIUM, a California not for profit corporation, EHC LIFEBUILDERS, and MONTEREY TERRACE APARTMENTS, | |
| Defendants. | Hearing Date: November 28, 2007, or as soon as this matter may be heard |
| | Time: 9:00 a.m., or as soon as this matter may be heard |
| | Courtroom: 5 |
| | Judge: Magistrate Judge Patricia Trumbull |

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION ENJOINING EVICTION
C07-05690 PVT

1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. ii

I. Introduction ........................................................................................................ 2

II. Statement of Facts .............................................................................................. 3

III. Argument ........................................................................................................... 5

   A. Plaintiff will suffer immediate irreparable harm unless a temporary restraining Order is issued ................................................................................................. 6

   B. Plaintiff will succeed on the merits of his fair housing claim ......................... 7

   C. The balance of the hardships tips sharply in favor of Plaintiff ..................... 10

   D. Plaintiff meets the requirement for preliminary injunction under the federal Fair Housing Act ................................................................................................... 10

IV. Conclusion ....................................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brown v. Artery Organization*, 654 F. Supp. 1106 (D.D.C. 1987)..................6, 10

*Burlington N.R.R. Co. v. Dep't of Revenue*, 934 F. 2d 1064 (9th Cir. 1991)..............11

*Giebler v. M&B Associates*, 343 F. 3d 1143 (9th Cir. 2003)............................7, 9,

*Jackson v. Jacob*, 971 F. Supp. 560 (N.D. Ga, 1977)..................................6, 10

*Mitchell v. U.S. Dep't of Housing & Urban Dev*, 569 F. Supp. 701 (N.D. Cal. 1983)...6

*U.S. v. California Mobile Home Park Mgmt. Co.*, 107 F. 3d 1374 (9th Cir. 1997).......7, 9

*Silver Sage Partners, LTD v. City of Desert Hot Springs*, 251 F. 3d 814 (9th Cir. 2002)..................................................................................10

*State of Alaska v. Native Village of Venetie*, 856 F. 2d 1384 (9th Cir. 1988)............6

*Stuhlbarg Int'l. Sales Co., Inc., v. John Brush & Co.*, 240 F. 3d 832 (9th Cir. 2001)....5, 6

*Trailer Train Co. v. State Board of Equalization*, 697 F. 2d 860 (9th Cir. 1983).........10

## STATE COURT CASES

*Cobble Hill Apt. Co. v. McLaughlin*, 1999 Mass. App. Div. 166 (Mass Appt. Civ. 1999)..................................................................................9

*Douglas v. Kriegsfeld Corporation*, 884 A. 2d 1109 (D.C. App. 2005)....................9

*King v. Menachem, et al.*, 450 N.Y.S. 2d 933 (1981)..................................9

## FEDERAL STATUTES

42 U.S.C. § 3613 (c)........................................................................11

42 U.S.C. § 3613 (d)........................................................................6

42 U.S.C § 3604 et seq......................................................................7

42 U.S.C. § 3604(f)(3)(B)..................................................................7

Federal Rules of Civil Procedure 65......................................................5

24 C.F.R. 982.316.................................................................................................9

**CALIFORNIA STATUTES**

California Code of Civil Procedure § 1170.5 ...........................................................6

# I. INTRODUCTION

Defendants are seeking to evict Plaintiff Charles Perez from his subsidized housing because he requested that Defendants accommodate his serious disabilities by allowing him to continue his tenancy with the assistance of an in-home caregiver. Charles Perez is a 61-year old severely disabled man, who has lived in the same subsidized apartment for the past 2 years. Mr. Perez suffers from diabetes, end-stage kidney disease, chronic lung disease and is legally blind. Should Defendants proceed with their eviction action, Mr. Perez will become homeless since he is unable to afford replacement housing. If Mr. Perez becomes homeless there is a risk that he will lapse into a coma and possibly even die because he will be unable to manage his serious health conditions.

Defendants, owners and operators of the subsidized apartment complex, are now attempting to evict Mr. Perez from his home based on a 60-Day Notice they gave him for allegedly subletting his unit and having an unauthorized occupant living with him. However, Mr. Perez did not have an unauthorized occupant in his apartment. In February 2007, Mr. Perez requested a reasonable accommodation of his disabilities to allow him to have an in-home caregiver. Mr. Perez did not receive a response from Defendants regarding this request. Therefore, he assumed that his request had been granted and he obtained the assistance of his son who had been approved by In-Home Supportive Services to act as his caregiver. On August 31, 2007, Defendants gave Mr. Perez a 60-Day Notice Terminating Tenancy, after which time Mr. Perez renewed his accommodation request. Instead of honoring Mr. Perez's request for accommodation, Defendants issued yet another 60-Day Notice on September 12, 2007. Mr. Perez renewed his reasonable accommodation request on October 16, 2007, and provided Defendants with an additional letter of support from his treating physician.

Defendants subsequently refused Mr. Perez's accommodation request to allow him to have an in home care giver and have further filed an unlawful detainer action to evict Mr. Perez from his apartment. Defendants' refusal to accommodate the Mr. Perez's disabilities violates the federal Fair Housing Amendments Act and related laws. Evicting Mr. Perez from his home is likely to result in significant deterioration of his health and possible hospitalization. This threat is

immediate, as Defendants have filed an unlawful detainer action in state court on November 26, 2007. Not proceeding with the unlawful detainer action against Mr. Perez causes no hardship to Defendants, as Mr. Perez will continue to pay his portion of the rent each month. Because the balance of hardships tips so steeply in Mr. Perez's favor and as he has a strong case on the merits, a TRO should be issued in this case.

## II. STATEMENT OF FACTS

Mr. Perez is a sixty one year old man with numerous health related disabilities, including diabetes, chronic lung disease and end-stage kidney disease. Kirkham Decl. ¶ 5; Perez Decl. ¶ 4. Mr. Perez has lived in his apartment at Markham Terrace Apartments for two years. Complaint ¶ 6. In February 2007, Mr. Perez's doctor advised that Mr. Perez have an in-home caretaker so that he could continue to live independently and avoid injury. Id ¶ 12. To that end, Mr. Perez's doctor provided a letter of support for him to give to his property managers at Markham Terrace. Id. Mr. Perez gave defendant Markham Terrace a copy of this letter in late February 2007. Id ¶ 13.

Mr. Perez did not receive a response to his request. Id ¶ 14. Therefore, he assumed that his request for accommodation had been granted. Id ¶ 15. Based on his belief that his reasonable accommodation request had been granted, Mr. Perez obtained the assistance of his son, Jason, to be his in-home caregiver. Id ¶ 16. Mr. Perez's son Jason was then approved by Santa Clara County's Public Authority In-Home Supportive Services, to provide the care and assistance Mr. Perez required in order to live independently. Id ¶ 17.

On August 31, 2007, Mr. Perez received a 60-Day Notice to Terminate his Tenancy from defendant EHC Lifebuilders. Id ¶ 18. The 60 Day Notice alleged that Mr. Perez had violated his lease agreement by having an unauthorized occupant in his unit. Id ¶ 19; Kirkham Decl. ¶ 7, Exhibit B. On September 2, 2007, Mr. Perez sent defendants EHC Lifebuilders, Emergency Housing Consortium and defendants' CEO, Jennifer Loving, a letter disputing that he had violated his lease and once again requested that defendants accommodate his disabilities. Complaint ¶ 20; Kirkham Decl. ¶ 8, Exhibit C. Instead of receiving a response to his letter, defendants issued yet

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION ENJOINING EVICTION
C07-05690 PVT

1  another 60-Day Notice of Termination of Tenancy on September 12, 2007. Kirkham Decl. ¶ 9,
2  Exhibit D.
3      On October 16, 2007, Mr. Perez's attorney renewed Mr. Perez's accommodation request and
4  provided yet another letter from Mr. Perez's doctor outlining the severity of Mr. Perez's disabilities
5  and his need for an in-home caregiver. *Id* ¶ 10, Exhibit E. The supporting letter from Mr. Perez's
6  doctor detailed Mr. Perez's numerous disabilities and clearly explained the necessity of an in-home
7  caregiver for Mr. Perez. *Id*; Exhibit F. On October 23, 2007, Mr. Perez's attorney talked with the
8  attorney representing EHC Lifebuilders with regard to the 60 Day Notice. Defendants' attorney
9  said that they would contact their client to discuss Mr. Perez's request and would advise Mr.
10 Perez's attorney regarding the status of his accommodation request. *Id* ¶ 11.
11     On November 2, 2007, Mr. Perez's attorney sent yet another letter to Defendants' attorney
12 requesting a response to Mr. Perez's accommodation request. Complaint ¶ 25. At that time, Mr.
13 Perez's attorney had not yet heard back from Defendants' attorney regarding Mr. Perez's request.
14 Kirkham Decl. ¶ 12, Exhibit G. One of Mr. Perez's attorneys spoke to defendants' attorney who
15 said that defendants were not going to honor Mr. Perez's accommodation request. Complaint ¶ 27;
16 Kirkham Decl. ¶ 13. Mr. Perez's attorney at FHLP then called Defendants' attorney on November
17 7, 2007 to follow up with Mr. Perez's reasonable accommodation request. During this
18 conversation, Defendants' attorney confirmed that defendants intend to proceed with the state court
19 eviction action and that defendants refuse to negotiate with Mr. Perez regarding his
20 accommodation requests. *Id.* ¶ 14. On November 8, 2007, Mr. Perez's attorney at FHLP sent one
21 final letter to Defendants with two alternative proposals for Mr. Perez's accommodation. *Id* ¶ 15,
22 Exhibit H.
23     The second 60-Day Notice expired on November 12, 2007, and Mr. Perez risks becoming
24 homeless since Defendants have filed an unlawful detainer action on November 26, 2007. Id ¶ 9,
25 Perez Decl. ¶ 10. If Defendants proceed with evicting Mr. Perez, he will be seriously and
26 permanently harmed. Mr. Perez risks becoming homeless since it will be next to impossible for
27
28

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION ENJOINING EVICTION
C07-05690 PVT

him to find alternative subsidized housing. *Id.* Moreover, Mr. Perez's doctor told Mr. Perez's attorney that if Mr. Perez becomes homeless, his health will significantly deteriorate and it is possible that he could lapse into a coma or even die if Mr. Perez is unable to monitor and manage his blood sugar levels. Kirkham Decl. ¶ 5.

Assuming Mr. Perez wins this lawsuit after one to two years of litigation, he will still not recover his home if he is evicted pursuant to an unlawful detainer action. His apartment will undoubtedly be re-rented to a third-party.

Defendants suffer no hardship by allowing Mr. Perez to remain in place pending the resolution of Mr. Perez's lawsuit. Mr. Perez pays his rent every month and Defendants, as a government subsidized housing complex, have no reason to evict Mr. Perez, as they have not provided evidence that Mr. Perez has breached his lease agreement by having an unauthorized occupant, which precipitated the issuance of the 60-day notice. Finally, Defendants have provided no reason for their failure to accommodate Mr. Perez's disabilities nor have they engaged in any meaningful discussion concerning Mr. Perez's accommodation request.

## III. ARGUMENT

Under Rule 65, a TRO may be granted without notice to the adverse party if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition," and if the applicant's attorney has attempted to give notice to the opposing party. On November 27, 2007, Mr. Perez's attorney gave notice to Defendants of this application by facsimile letter. Kirkham Decl. ¶ 2, Exhibit A.

Mr. Perez can meet the requirements for a preliminary injunction under FRCP 65. In the Ninth Circuit, the party moving for the preliminary injunction must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party.

*Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F. 3d 832, 840 (9th Cir. 2001). The critical element in determining the test to be applied is the relative hardship to the parties. *State of Alaska v. Native Village of Venetie*, 856 F. 2d 1384, 1389 (9th Cir. 1988). Here, the balance of the hardships tips sharply in favor of Mr. Perez, thus, he is entitled to a preliminary injunction.

### A. Plaintiff will suffer immediate irreparable harm unless a Temporary Restraining Order is issued.

Defendants have refused to accommodate Mr. Perez's disabilities by failing to first reasonably consider and then grant Mr. Perez's accommodation request for an in-home caregiver.

Mr. Perez will suffer permanent irreparable injury if evicted from his home. Mr. Perez has lived in their home for the past two years. The apartment he rents is subsidized and Mr. Perez pays only $260 each month in rent. If Defendants are allowed to proceed with this eviction, Mr. Perez risks losing his subsidized housing and becoming homeless. Courts have held that eviction is an irreparable injury. *See Brown v. Artery Organization*, 654 F. Supp. 1106, 1114 (D.D.C. 1987) (it is axiomatic that wrongful eviction constitutes irreparable injury). *See also Mitchell v. U.S. Dep't of Housing & Urban Dev.*, 569 F. Supp. 701 (N.D. Cal. 1983). When an apartment is subsidized, it is extremely difficult to find replacement subsidized housing and the injury is all the greater.

In California, an unlawful detainer action must go to trial within 20 days of filing the at-issue memorandum. Cal. Code Civ. Pro. § 1170.5. Given the nature of his disabilities and his limited income, it will be next to impossible for Mr. Perez to find appropriate affordable replacement housing within such a short time frame if defendants are successful with their eviction action. Because of the difficulty of finding affordable housing, loss of below market rate housing constitutes an irreparable injury. *Jackson v. Jacob*, 971 F. Supp. 560, 565 (N.D. Ga. 1997). Moreover, once an innocent third party rents the property, the Court is not authorized to return Mr. Perez to his original home. 42 U.S.C. § 3613 (d). Accordingly, unless the status quo is maintained, Mr. Perez will lose his affordable housing and will become homeless.

Given the nature of Mr. Perez's disabilities, eviction would also severely impact his health. Mr. Perez will be at increased risk for injury from falls and he will not be able to manage the symptoms of his diabetes because he is unable to monitor his blood glucose levels without assistance. No monetary relief could compensate Mr. Perez for the deterioration of his health that would be caused by eviction.

### B. Plaintiff will succeed on the merits of his fair housing claims.

The federal Fair Housing Amendments Act (FHAA) prohibits discrimination in housing on the basis of race, color, religion, sex, handicap, familial status, or national origin. 42 U.S.C. § 3604 et seq. Discrimination is defined to include a failure to make a reasonable accommodation in housing rules and regulations in order to allow a handicapped individual equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B). Discrimination is also defined to include a failure to make a reasonable accommodation in housing rules and regulations in order to allow a handicapped individual equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

The scope of the reasonable accommodation provision of FHAA is very broad. Courts must interpret the scope of the accommodation provisions of the FHAA with the specific goals of the FHAA in mind: to protect the right of handicapped persons to live in the residence of their choice in the community. *Giebler v. M&B Associates*, 343 F.3d 1143, 1149 (9th Cir. 2003). Even disability-neutral administrative policies do not escape scrutiny under the FHAA's reasonable accommodation mandate simply because they are based on financial considerations or may involve a risk of some financial cost to the landlord. *Id* at 1151.

To prove a prima facie case, a plaintiff need only show: (1) he or she suffers from a disability as defined by the relevant statute; (2) defendants knew or should have known of plaintiff's disability; (3) accommodation of the disability "may be necessary" to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation. *Giebler* at 1147, citing *U.S. v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997).

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION ENJOINING EVICTION
C07-05690 PVT

There is no question that Mr. Perez is a person with disabilities. 42 U.S.C. § 3602(h); Mr. Perez suffers from several chronic diseases, including diabetes, kidney disease and lung disease. These disabilities substantially limit his ability to live independently and take care of his basic needs.

Defendants clearly know of Mr. Perez's disabilities. Mr. Perez has provided Defendants with ample information regarding his disabilities and his need for his requested accommodation. In February 2007, Mr. Perez first put Defendants on notice of his disabilities and his need for an in-home caregiver as an accommodation of his disabilities. After Defendants did not respond to this request and believing that Defendants granted his request, Mr. Perez obtained the assistance of his son as an in-home care provider. After allowing Mr. Perez to have an in-home caregiver for six months, Defendants issued Mr. Perez the first of two 60-Day Notices to terminate his tenancy. The notices specifically stated that Mr. Perez had breached his lease agreement by having an unauthorized occupant residing in his unit. Complaint ¶ 19. In September 2007, Mr. Perez responded to the 60-Day Notice he was given by sending a letter to Defendants disputing that he had an unauthorized occupant in his apartment and once again informed Defendants of his need for reasonable accommodation. Instead of responding to Mr. Perez's letter, Defendants issued yet another 60-Day Notice to terminate his tenancy. Id ¶ 21. In response to the last 60-Day Notice he received, Mr. Perez contacted Fair Housing Law Project (FHLP) to renew his accommodation request to be allowed to continue his tenancy with the assistance of an in-home caregiver.

Mr. Perez's attorney again put Defendants on notice of Mr. Perez's disabilities in a letter dated October 16, 2007, in which she specifically informed them that Mr. Perez was disabled, and therefore needed a reasonable accommodation. Id ¶ 22. Here, Mr. Perez made two different accommodation requests. First, he requested that Defendants rescind his eviction notice because the notice was related to his disabilities. Second, he requested that Defendants allow him to continue his tenancy with the assistance of an in-home caregiver.

These accommodations are necessary to afford Mr. Perez an equal opportunity to use and enjoy his housing since his disabilities interfere with his ability to provide for his basic needs

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION ENJOINING EVICTION
C07-05690 PVT

thereby jeopardizing his health and his independence. Unfortunately, Defendants have not provided Mr. Perez with any reasons as to why his requested accommodation is unreasonable nor have they given a reason why they are unwilling to postpone an eviction action in order for Mr. Perez to address any concerns Defendants may have regarding his requested accommodation.

Once a plaintiff establishes his prima facie case, the burden shifts to the defendant to produce evidence that the accommodation would cause undue burden in the particular circumstance. *See, e.g., Geibler*, 343 F.3d at 1156 (citations omitted). The emphasis is on "undue" burden. In order to comply with fair housing laws, a landlord may be required to incur some expense in connection with a reasonable accommodation. *See, e.g., Geibler*, 343 F.3d at 1153; *California Mobile Home Park*, 29 F.3d at 1413. Further, cases involving reasonable accommodations are highly fact specific and require case-by-case determination. *Id at* ; *Douglas v. Kriegsfeld Corporation*, 884 A.2d 1109, 1121 (D.C. App. 2005). In the instant case, there has been no showing that Mr. Perez's accommodation request would cause Defendants an undue burden of any kind.

Here, Mr. Perez's accommodation requests are reasonable. *Cobble Hill Apt. Co. v. McLaughlin*, 1999 Mass App. Div. 166 (Mass. App. Div. 1999)(finding that stay of eviction proceedings can be reasonable accommodation); *see also* 24 C.F.R. 982.316 (PHA must approve live-in aid as reasonable accommodation). Mr. Perez simply asked that he be allowed to continue his tenancy with the assistance of an in-home caregiver. Instead, Defendants have refused to postpone filing an eviction action and have refused to consider any accommodation that would allow Mr. Perez to remain a tenant in his home.

Finally, there is case law finding that an in-home caregiver cannot be deemed an unauthorized occupant since the caregiver's residence in the unit is incidental to the services being provided to the tenant as an in-home caregiver. *See King v. Menachem, et al.*, 450 N.Y.S. 2d 933, 936 (1981).

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION ENJOINING EVICTION
C07-05690 PVT

### C. The balance of the hardships tips sharply in favor of plaintiff.

Even if Mr. Perez was not able to show that he is likely to succeed on the merits of his fair housing claims, he is entitled to a preliminary injunction if his claim raises serious questions and the balance of the hardship tilts steeply in his favor. *Brown v. Artery Organization*, 654 F. Supp. 1106, 1114 (D.D.C. 1987). Without an injunction, defendants are free to proceed with an eviction and have plaintiff physically removed from his home. The imminent hardship to Mr. Perez is the loss of his home, the risk of becoming homeless because of the scarcity of affordable housing in Santa Clara County, the likely decompensation of his health and the potential loss of his independence.

In contrast, granting the requested injunction causes is little hardship to defendants. Courts have found that the hardship of a tenant's eviction far outweighs any modest financial or administrative burden a stay of eviction would impose on a landlord. *See Jackson*, 971 F. Supp. at 565; *Brown*, 654 F. Supp. at 1118. Here, the cost for Defendants to delay prosecution of the eviction action until after the instant lawsuit is resolved is minimal in comparison to the loss of housing and deterioration to his health that Mr. Perez will face should the eviction action be allowed to proceed. Furthermore, Mr. Perez is willing and able to continue to pay his portion of his monthly rent.

### D. Plaintiff meets the requirement for a preliminary injunction under the federal Fair Housing Act.

The Ninth Circuit has repeatedly held that where a defendant has violated a civil rights statute, the court will presume that the plaintiff has been irreparably injured by that very violation. *See, e.g., Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 827 (9th Cir. 2001), citations omitted; *Trailer Train Co. v. State Board of Equalization*, 697 F.2d 860, 868-69 (9th Cir.), *cert. denied*, 464 U.S. 846 (1983). In fact, the court has held that even if no injury has yet been suffered, the "standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION ENJOINING EVICTION
C07-05690 PVT

injunctive relief." *Burlington N. R.R. Co. v. Dep't of Revenue*, 934 F.2d 1064, 1074 (9th Cir. 1991).

Here, Mr. Perez has sued Defendants to prevent the violation of a federal statute, the Fair Housing Amendments Act, which specifically authorizes injunctive relief. 42 U.S.C. § 3613(c). Accordingly, under the Ninth Circuit's rulings, Mr. Perez need not even demonstrate irreparable injury. Nonetheless, even if Mr. Perez was required to demonstrate irreparable injury, he has done so, both specifically, as stated above, and by Defendants' violation of his civil rights.

## VI. CONCLUSION

For the foregoing reasons, Charles Perez requests that this court issue the requested TRO enjoining Defendants and their agents from proceeding with the unlawful detainer action pending the resolution of Mr. Perez's federal lawsuit. The instant eviction action has arisen from Defendants' failure to reasonably accommodate Mr. Perez's disabilities, and is therefore in violation of state and federal fair housing laws.

Dated: November 27, 2007

FAIR HOUSING LAW PROJECT

_____
Annette D. Kirkham
Attorney for Plaintiff
CHARLES N. PEREZ