Annette D. Kirkham (State Bar # 217958)
FAIR HOUSING LAW PROJECT
111 West Saint John Street, Suite 315
San Jose, California 95113
Telephone: (408) 280-2410
Facsimile: (408) 293-0106

Attorneys for: Plaintiff CHARLES N. PEREZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| CHARLES N. PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>EMERGENCY HOUSING CONSORTIUM, a California not for profit corporation, EHC LIFEBUILDERS, and MONTEREY TERRACE APARTMENTS,<br><br>Defendants. | Case No.: C07-05690 PVT<br><br>DECLARATION OF ANNETTE D. KIRKHAM IN SUPPORT OF PLAINTIFF CHARLES PEREZ'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION TO ENJOIN DEFENDANTS FROM EVICTING PLAINTIFF.<br><br>Hearing Date: November 28, 2007 or as soon as this matter may be heard.<br>Time: 9:00 a.m., or as soon as this matter may be heard<br>Courtroom: 5<br>Judge: Magistrate Judge Patricia Trumbull |

I Annette D. Kirkham, declare:

1.  I am attorney an attorney with the Law Foundation of Silicon Valley's Fair Housing Law Project ("FHLP"). I represent plaintiff Charles Perez in the above-captioned action. I am a

---
1
DECLARATION OF ANNETTE D. KIRKHAM IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION
C07-05690 PVT

member in good standing of the State Bar and am admitted to practice before this Court. I make the following declaration in support of this *ex parte* Application. This declaration is based on my own personal knowledge unless otherwise stated and, if called as a witness, I could and would testify competently to the matters stated herein.

2. To satisfy Federal Rule of Civil Procedure 65 and Civil Local Rule 65-1(b), at approximately 12:10 p.m. (PST), on November 27, 2007, I sent a letter by facsimile to Defendants Emergency Housing Consortium, Inc, EHC Lifebuilders and Monterey Terrace Apartments, notifying Defendants of Mr. Perez's intention to present this *ex parte* Application to the Court on Wednesday, November 28, 2007. A true and correct copy of that facsimile and letter is attached hereto as Exhibit A.

3. Plaintiff Charles Perez is a tenant at Markham Terrace Apartments, located at 2112 Monterey Road, in San Jose, California. Markham Terrace Apartments is a subsidized housing complex.

4. Mr. Perez has lived at Markham Terrace since December 2005. Mr. Perez receives Supplemental Security Income in the amount of $830 each month. Mr. Perez pays only $260 for rent each month. If he is evicted from his apartment he will likely become homeless since it will be extremely difficult to find alternative housing with his limited income.

5. Mr. Perez is a 61 year old, seriously disabled man who suffers from numerous health-related disabilities. Mr. Perez is legally blind and he has diabetes, end-stage kidney disease and chronic lung disease. If these illnesses are not controlled Mr. Perez's doctor has stated that Mr. Perez could lapse into a coma or even possibly die.

6. In February 2007, Mr. Perez requested an in-home caregiver to help him manage the symptoms of his disabilities and to prevent him from injuring himself. Defendants did not respond to Mr. Perez's reasonable accommodation request therefore Mr. Perez believed that his request had been granted. Mr. Perez then obtained the assistance of his son, Jason, to provide in-home support.

7. On August 31, 2007, Defendants gave Mr. Perez a 60-Day Notice to Terminate Tenancy. The stated reason for the Notice was that Mr. Perez had an unauthorized occupant living

with him in the unit. A true and correct copy of the August 31, 2007, 60-Day Notice is attached hereto as Exhibit B.

8. On September 2, 2007, Mr. Perez gave Defendants a letter disputing the allegations in the 60-Day Notice. Mr. Perez once informed Defendants of his disabilities and his need for an in-home caregiver. A true and correct copy of Mr. Perez's letter to Defendants dated September 2, 2007 is attached hereto as Exhibit C.

9. Instead of responding to Mr. Perez's letter, Defendants issued yet another 60-day Notice on September 12, 2007. This 60-Day Notice is scheduled to expire on November 12, 2007. Defendants could proceed with an unlawful detainer action as early as November 13, 2007. A true and correct copy of the 60-Day Notice dated September 12, 2007 is attached hereto as Exhibit D.

10. On October 16, 2007, I renewed Mr. Perez's accommodation request for an in-home caregiver and asked that Defendants rescind the 60-Day Notice. I attached a copy of Mr. Perez's doctor's letter in support of an in-home caregiver. A true and correct copy of my letter to Defendants dated October 16, 2007 is attached hereto as Exhibit E, a true and correct copy of Dr. Saxena's supporting letter dated September 28, 2007 is attached hereto as Exhibit F.

11. On October 23, 2007, I spoke with Defendants' counsel, Ryan Mayberry with regard to Mr. Perez's accommodation request and the status of the 60-Day Notice. Mr. Mayberry told me that he would talk with his client and get back to me with their response.

12. On November 2, 2007, I still had not heard from Defendants regarding Mr. Perez's request for accommodation or the status of the 60-Day Notice. Therefore, I sent another letter to Defendants attorney asking that he let me know the status of Mr. Perez's outstanding requests. A true and correct copy of my letter to Defendants dated November 2, 2007 is attached hereto as Exhibit G.

13. On November 2, 2007, my colleague Katherine Haas, from Mental Health Advocacy Project, talked with Defendants attorney, Ryan Mayberry, and asked about the status of Mr. Perez's reasonable accommodation request. Ms. Hass told me that Mr. Mayberry stated that his clients did not intend to honor Mr. Perez's accommodation request.

3

DECLARATION OF ANNETTE D. KIRKHAM IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION
C07-05690 PVT

14. On November 7, 2007, I spoke with Mr. Mayberry who advised me that his clients intended to proceed with an unlawful detainer. He further told me that he believed this meant that his clients were unwilling to accommodate Mr. Perez's disabilities or even engage in negotiations regarding the accommodation request.

15. On November 8, 2007, in one last attempt to avoid litigation, I faxed Defendants another letter, again requesting that Defendants accommodate Mr. Perez's disabilities and setting forth two alternative proposals for Mr. Perez's accommodation. A true and correct copy of my letter to Defendants dated November 8, 2007 is attached hereto as Exhibit H.

16. On November 8, 2007, Mr. Perez filed the instant federal court lawsuit. A true and correct copy of Mr. Perez's federal lawsuit is attached hereto as Exhibit I.

17. On November 26, 2007, Defendants filed an unlawful detainer action against Mr. Perez in state court. A true and correct copy of the unlawful detainer complaint is attached hereto as Exhibit J.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 27, 2007 in San Jose, California.

_____
Annette D. Kirkham

DECLARATION OF ANNETTE D. KIRKHAM IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION
C07-05690 PVT