Exhibit A

# FAIR HOUSING LAW PROJECT

*Proyecto Legal de Viviendas Justas*

*Law Foundation of Silicon Valley*

111 West St. John Street, Suite 315

San Jose, California 95113

Telephone (408) 280-2435 • Fax (408) 293-0106 • TDD (408) 294-5667

November 27, 2007

Ryan Mayberry
Law Offices of Todd Rothbard
4261 Norwalk Drive, Suite 107
San Jose, CA 95129
**VIA FACSIMILE ONLY (408) 244-4267**

Emergency Housing Consortium, Inc.,
EHC Lifebuilders and Monterey Terrace Apartments
2665 North First Street, Suite 210
San Jose, CA 95134
**VIA FACSIMILE ONLY (408) 894-9241**

      Re:    *Charles N. Perez v. Emergency Housing Consortium, et al.*
                  *United States District Court Case No.. C07-05690 PVT*

To the above-named parties and their attorneys of record:

Consistent with the requirement of Federal Rule of Civil Procedure 65 and Civil Local
Rule 65-1(b), this letter is to inform you that, on Wednesday, **November 28, 2007 at
9:00 a.m. or as soon as this matter may be heard,** in Courtroom 5, of the United States
District Court, 280 South First Street, San Jose, California 95112, Plaintiff Charles Perez
will be appearing *ex parte* to the Court to seek a Temporary Restraining Order and OSC
re Preliminary Injunction to enjoin Defendants Emergency Housing Consortium, EHC
Lifebuilders and Monterey Terrace Apartments from proceeding forward with the
unlawful detainer action filed in state court against Charles Perez on November 26, 2007.

Sincerely,

Annette Kirkham
Senior Attorney

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose*

# FAIR HOUSING LAW PROJECT

*Proyecto Legal de Viviendas Justas*

Law Foundation of Silicon Valley

111 W. St. John Street, Suite 315

San Jose, California 95113

Fax: 408-293-0106  Telephone: 408-280-2435  TDD: 408-294-5667

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM |
|---|---|
| Ryan Mayberry | Annette D. Kirkham, |
| Law Offices of Todd Rothbard | Direct Dial: (408) 280-2410 |
| | |
| Emergency Housing Consortium, Inc, | |
| EHC Lifebuilders and Monterey Terrace | |
| Apartments | |

| COMPANY | DATE |
|---|---|
| | 11/27/2007 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| (408) 244-4267 | 4 |
| | |
| (408) 894 9241 | |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|

| Re: | YOUR REFERENCE NUMBER: |
|---|---|
| *Perez v. EHC. et al.,* | |
| *C07-05690 PVT* | |

☑ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose.*

BROADCAST REPORT

```
TIME  : 11/27/2007 12:12
NAME  : LAW FOUNDATION
FAX   : 14082930106
TEL   : 14082934790
SER.# : H7J499000
```

| PAGE(S) | 02 |
|---------|----|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|------|------|--------------|----------|---------|--------|---------|
| 11/27<br>11/27 | 12:10<br>12:11 | 2444267<br>8949241 | 23<br>35 | 02<br>02 | OK<br>OK | ECM<br>ECM |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
PC  : PC-FAX
```

Exhibit B

## LAW OFFICE OF TODD B. ROTHBARD

4261 Norwalk Drive, No. 107
San Jose, California 95129

**TODD B. ROTHBARD**
**ALAN HORWITZ**
**RYAN MAYBERRY**
**STEVE NAUMCHIK**

Phone: (408) 244-4200
Fax: (408) 244-4267

## SIXTY DAY NOTICE OF TERMINATION OF TENANCY

TO: CHARLES NICKLOAS PEREZ aka CHARLES PEREZ, and all tenants in possession:

PLEASE TAKE NOTICE that your tenancy of the below described premises is terminated effective sixty (60) days from the date of service of this NOTICE upon you, and you are required to quit and deliver up possession of said premises within said ninety day period.

YOUR TENANCY IS BEING TERMINATED because you have materially violated the terms of your lease agreement. Specifically, Section 3 of the lease agreement states that the premises are to be used only as a private residence for tenant, and for no other purpose without Landlord's prior written consent. Section 10 of the lease agreement states that tenant shall not sublet any part of the premises or assign the lease agreement without the prior written consent of Landlord.\

In violation of Section 3 and Section 10 of the lease agreement, you have an unauthorized occupant living in your unit. You have not obtained the written permission of the Landlord before allowing this person to move in to your unit.

YOUR FAILURE to comply with this Notice will result in the immediate institution of legal proceedings against you to recover possession, attorney's fees, and court costs.

YOU HAVE THE LEGAL RIGHT to request an initial inspection of your unit and be present during the inspection. The purpose of this inspection is to allow you the opportunity to correct any deficiencies in the unit in order to avoid deductions from the security deposit. Please contact your landlord (contact information directly below) to request an initial inspection.

EHC Lifebuilders
2010 Monterey Road
San Jose, California 95112
(408) 271-8811

The premises here ... to are situated in the city of San Jose, County of Santa Clara, State of Califor... ... e designated as follows:

2112 Monterey Road
Apartment #132
San Jose, California 95112

Page 1 of 2

## LAW OFFICE OF TODD B. ROTHBARD

YOU MAY DISCUSS THIS NOTICE and your proposed eviction with the landlord within ten (10) days of the date of service of this notice upon you.

YOU MAY DEFEND ANY EVICTION based upon this notice in court.

Dated this 31st day of August, 2007

By:

RYAN MAYBERRY
Law Offices of Todd Rothbard
Attorney for Lessor, EHC Lifebuilders



Page 2 of 2

Exhibit C

**PRIVATE & CONFIDENTIAL** Not to be Shared outside of
The Listed Parties below # 1 - 6... Total Number of Pages:  9 + Fax Cover
J. Loving, & #1 # 3 = Faxed, #2 by Hand delivered All Done on 9/4/07
#4 - #5 - #6 are Pending.. or by 9/7/07   ( I would prefer to resolve this between us )

*From the Desk of*                                                *Date:* Sept 2nd 2007

Charles Nicklous Perez / aka:  Charles Perez   Tenant
2112 Monterey Road  Apt # 132
San Jose, Ca 95112
(408) 295-9178   Hours 8am – 6pm

----------------------------------------------------------------

## NOTICE OF DISPUTE of Violation Claim of Section 3 & 10 of HUD Lease
### Response to
### SIXTY DAY NOTICE of TERMINATION of TENANCY
### Delivered and Issued Aug 31st 2007 by EHC Staff

To: EHC Lifebuilders  DBA: Emergency Housing Consortium / HUD Owner ID# 04149
Attn: Jennifer Loving Acting CEO,  Phone: (408) 539-2100 Fax (408) 286-5102 or Fax: (408) 539-2115
2665 N. First St  Suite 210
San Jose, Ca 95134

### *Dispute Reply Letter / issued to # 1 - 6*

Cc: #1. By Fax: Law Office of :Todd B. Rothbard Attn: Ryan Mayberry Phn: 408-244-4200  Fax: 408-244-4267  (Faxed)
  #2. Greta Young,  EHC Property Mgt. Phn: 408-271-8811 Ext 116  ( Hand Delivered & Discussed Issue ) 9/4/07
  #3. HUD Attn: Alex Cardenas / ( Housing Program Dept ) Phn: 408-275-8770 Fax: 408-280-0358        (Faxed)
** #4. Mental Health Advocacy Project for SCC.  Phn: 408-280-2465  Fax: 408-293-0106
  Attn: Attorney Cecilla Brennan Esq / SCC Collaborative Member.  NOTE: Please call me Request your help (Faxed)

  #5. Senator Elaine Alquest / Ca Assembly / SCC Collaborative Member. Phn: 408-277-2003  Fax: 408-277-2084  (Faxed)
  #6. Senator Michael Honda / U.S. House of Representatives / SCC Collaborative member, Phn:408-244-8085  Fax 408-244-8086 (Faxed)

Dear Ms. Jennifer Loving , CEO of ECH Lifebuilders

I am responding to the 60 day notice to Terminate Tenancy do to the claim made that I am in violation of
HUD Lease Sec 3 to be used as a private residence & no other purpose  (There is no violation provide me with proof )
HUD Lease Sec 10 Tenant shall not sublet................................. (There is no violation provide me with proof )

Your Resident Mgr: Victoria Ybarra has given Myself and my Legal Care Taker, who happens to be my son. We
have had nothing but Problems and Harassment from her depending on how she feels on any given day. Others in the
complex have been harassed as well. Ms. Loving A tenant meeting involving tenants with issues or concerns
would be welcomed. ( But No Victoria or other site staff ) Tenants fear retaliation. This way you can talk to them
and draw your own conclusion.. There are problems here with services.....( Back to Me ).

I have done nothing wrong, My rent is current,  I have ( 3 ) letters stating my health condition. As well as
Proof that my son is my care taker issued by In Home Supportive Services of SCC.  My son does not live with
Me, he comes when I call him in the morning, and goes to his home when I go to bed.

I do not know why Ms. Ybarra, acts the way she does and why now after all this time my son has been caring for
My needs. But she makes me feel that EHC is not living up to it mission statement. But it is what she projects to me
and the tenants. She is ok one day, and different the next. This hole ordeal is causing great stress on me.

Action Requested: To receive a written reply to this letter within 48 hours or by 9/6/07 and advising me of your
decision regarding Termination of Tenancy. If it is reversed or not. I have talked with Ms. Young about this and hope
that the too of you can review this problem and reconsider this action. In hope of relieving my stress.. Thank You..
  Also: That you hold a tenant meeting so that we all can meet you and discuss other concerns

Sincerely  *Charles Perez*
Charles N. Perez  Tenant MT# 132

Exhibit D

## LAW OFFICE OF TODD E. ROTHBARD  9-12-07  ①

| | | |
|---|---|---|
| 4261 Norwalk Drive, No. 107<br>San Jose, California 95129 | **TODD E. ROTHBARD**<br>**ALAN HORWITZ**<br>**RYAN MAYBERRY**<br>**STEVE NAUMCHIK** | Phone: (408) 244-4200<br>Fax: (408) 244-4257 |

### SIXTY DAY NOTICE OF TERMINATION OF TENANCY

TO: CHARLES NICKLOAS PEREZ aka CHARLES PEREZ, and all tenants in possession:

PLEASE TAKE NOTICE that your tenancy of the below described premises is terminated effective sixty (60) days from the date of service of this NOTICE upon you, and you are required to quit and deliver up possession of said premises within said sixty day period.

YOUR TENANCY IS BEING TERMINATED because you have materially violated the terms of your lease agreement. Specifically, Section 3 of the lease agreement states that the premises are to be used only as a private residence for tenant, and for no other purpose without Landlord's prior written consent. Section 10 of the lease agreement states that tenant shall not sublet any part of the premises or assign the lease agreement without the prior written consent of Landlord.

In violation of Section 3 and Section 10 of the lease agreement, you have an unauthorized occupant living in your unit. You have not obtained the written permission of the Landlord before allowing this person to move in to your unit.

YOUR FAILURE to comply with this Notice will result in the immediate institution of legal proceedings against you to recover possession, attorney's fees, and court costs.

YOU HAVE THE LEGAL RIGHT to request an initial inspection of your unit and be present during the inspection. The purpose of this inspection is to allow you the opportunity to correct any deficiencies in the unit in order to avoid deductions from the security deposit. Please contact your landlord (contact information directly below) to request an initial inspection.

EHC Lifebuilders
2010 Monterey Road
San Jose, California 95112
(408) 271-8811

The premises herein referred to are situated in the city of San Jose, County of Santa Clara, State of California, and are designated as follows:

2112 Monterey Road
Apartment #132
San Jose, California 95112

## LAW OFFICE OF TODD B. ROTHBARD

②

YOU MAY DEFEND ANY EVICTION based upon this notice in court.

Dated this 12th day of September, 2007

By:

RYAN MAYBERRY
Law Offices of Todd Rothbard
Attorney for Lessor, EHC Lifebuilders

Exhibit E

FAIR HOUSING LAW PROJECT
*Proyecto Legal de Viviendas Justas*
*Law Foundation of Silicon Valley*
111 West St. John Street, Suite 315
San Jose, California 95113
Telephone (408) 280-2435 • Fax (408) 293-0106 • TDD (408) 294-5667

October 16, 2007

Ryan Mayberry
Law Offices of Todd Rothbard
4261 Norwalk Drive, Suite 107
San Jose, CA 95129
**VIA FIRST CLASS MAIL AND FACSIMILE: (408) 244-4267**

Re:     Charles N. Perez, tenant at 2112 Monterey Road, Apt. 132, San Jose

Dear Mr. Mayberry:

I write regarding the two Sixty Day Notices of Termination of Tenancy Mr. Perez received on August 31, 2007 and September 12, 2007 for allegedly subletting his unit and having an unauthorized person living with him at the premises and to request that your client immediately rescind these notices.

In February 2007, Mr. Perez notified your client that due to his serious disabilities, he required an in home care giver. *See* attached as Exhibit 1, the letter from Mr. Perez's doctor dated February 22, 2007. Believing that your client had honored his request for reasonable accommodation, he obtained the assistance of his son, Jason Perez to be his in home care giver. Jason Perez was then approved by In Home Supportive Services to provide his father with the care that Mr. Perez's doctor recommended. However, on August 31, 2007, your client gave Mr. Perez a 60 day notice terminating his tenancy on the grounds that he had an unauthorized occupant residing with him on the premises. *See* attached as Exhibit 2, the 60 Day Notice dated August 31, 2007.

On September 2, 2007, Mr. Perez notified you and your client that he disputed the allegations set forth in the August 31 notice terminating his tenancy and once again requested that your client accommodate his disabilities by allowing him to continue his tenancy with the assistance of his in home care giver. *See* attached as Exhibit 3, the letter from Charles Perez dated September 2, 2007. However, your client issued yet another 60 day notice terminating Mr. Perez's tenancy for the same reasons that were set forth in the prior notice. *See* attached as Exhibit 4, the 60 Day Notice dated September 12, 2007.

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose*

In an attempt to resolve this situation once and for all. Mr. Perez contacted this office and asked that we contact you to renew his request for reasonable accommodation to allow his tenancy to continue with the assistance of his in home care giver and to provide you with additional verification of his need for such accommodation. *See* attached as Exhibit 5, the letter from Mr. Perez's doctor dated September 28, 2007.

Finally, we expect that our client's medical information will be kept confidential.

Please send me written confirmation that these two 60-Day Notices have been rescinded at your earliest convenience. I can be reached at (408) 280-2410 should you have any questions regarding the above-mentioned. I appreciate your prompt attention to this matter.

Sincerely,

Annette D. Kirkham
Senior Attorney

cc:    Charles Perez

enclosures

Exhibit F

Dedicated to the Health
of the Whole Community

**SANTA CLARA**
**VALLEY**
**MEDICAL CENTER**

DIVISION OF NEPHROLOGY
751 South Bascom Avenue
San Jose, CA 95128
Phone 408-885-7763
Fax 408-885-5759

September 28, 2007

Annette D. Kirkham
Fair Housing Law Project
Law Foundation of Silicon Valley
111 W. St. John St, Ste 315
San Jose, CA 95113

RE:   **Charles N. Perez**

Dear Ms. Kirkham:

Mr. Charles Perez is a patient under my care for his kidney failure and chronic kidney disease. He is a chronic hemodialysis patient who receives hemodialysis three times per week at the Renal Care Center at Santa Clara Valley Medical Center in San Jose. I have known Mr. Perez since 2004, and see him at least monthly for medical check-ups.

Mr. Perez suffers from multiple serious medical issues, all of which require him to have a live-in caretaker to help him manage his diseases. His son has been willing to perform these duties; however, there has been some difficulty in obtaining approval from Mr. Perez's place of residence to allow an in-home caretaker.

In order to fully elaborate why Mr. Perez needs a caregiver to manage his medical problems, I am listing below the consequences of each of his medical problems;

1.  End stage kidney disease – Because Mr. Perez has end stage kidney disease, he requires hemodialysis treatments three times a week. These treatments are 3½ to 4 hours long and are extremely draining. After the treatment, patients have low blood pressure and are often unsteady on their feet for up to a twelve hours. Mr. Perez tends to have low blood pressure after dialysis which is a consequence of the therapy. His low blood pressure plus his poor vision makes him an increased fall risk if he is alone at home after dialysis.

2.  Diabetes – Mr. Perez has long-standing diabetes that has affected several of his major body organs. Specifically, diabetes is the cause of his end stage kidney disease, blindness, and vascular disease. In order to control his blood sugars, Mr. Perez must have his blood sugar checked with a finger-stick test using a glucometer. It is nearly impossible for him to perform this test due to his significantly poor vision, and therefore he cannot self-manage his diabetes whatsoever. He is at risk both for low blood sugar as well as high blood sugar since he is not able to check his blood sugar properly. An in-home caretaker would, of course, be able to assist him with diabetes management.

3.  Chronic lung disease – Mr. Perez suffers from chronic lung disease and is currently followed by the Pulmonary Clinic at Santa Clara Valley Medical Center. He has undergone extensive lung function testing which shows a severe restriction in his breathing capacity. His lung is functioning less than 50% of normal, and this restricts his functional capacities. He is not able to perform all of his activities of daily living due to extreme shortness of breath. Oftentimes, on dialysis, he will be wearing oxygen to help him with his breathing.

4.  Chronic kidney disease – Due to chronic kidney disease and the need for dialysis three times a weekly, Mr. Perez must maintain a very strict kidney-related diet. This diet is much

more restrictive than the diabetic diet alone. Specifically, the patient must avoid foods containing potassium and phosphorus as well as salt. Due to Mr. Perez's multiple disabilities as listed above, he is unable to prepare foods for himself in his home. His strict dietary restrictions, which are needed to maintain health and life, prevent him from eating out at restaurants. An in-home caretaker would help him prepare foods that are within his prescribed diet.

I appreciate the assistance you are giving Mr. Perez in his struggle to obtain a live-in caretaker as soon as possible. I am happy to provide more information as needed on this matter.

Sincerely,

Anjali Bhatt Saxena, MD, FASN

AS/clj

Exhibit G

FAIR HOUSING LAW PROJECT

*Proyecio Legal de Viviendas Justas*
*Law Foundation of Silicon Valley*
111 West St. John Street, Suite 315
San Jose, California 95113
Telephone (408) 280-2435 • Fax (408) 293-0106 • TDD (408) 294-5667

November 2, 2007

Ryan Mayberry
Law Offices of Todd Rothbard
4261 Norwalk Drive, Suite 107
San Jose, CA 95129
**VIA FIRST CLASS MAIL AND FACSIMILE: (408) 244-4267**

Re:     Charles N. Perez, tenant at 2112 Monterey Road, Apt. 132. San Jose

Dear Mr. Mayberry:

I write to follow up on the telephone conversation we had on Tuesday, October 23, 2007 and the two voice mail messages I left you concerning Mr. Perez's tenancy at Markham Terrace and his request that your client reasonably accommodate his disabilities by allowing his tenancy to continue with the assistance of an in-home caregiver.

During our last conversation, you told me that you would talk with your client and call me back regarding Mr. Perez's reasonable accommodation request. Unfortunately, I have not heard back from you. The longer this issue remains unresolved for Mr. Perez the more significant his damages become and he will have no choice but to pursue his remedies under the law.

Please be advised that an extended delay in responding to a tenant's request for accommodation may be equivalent to an outright denial. *See* HUD v. *Ocean Sands, Inc.,* Fair Housing-Fair Lending Rptr. ¶ 25. 055 at p. 25.540 (HUD ALJ); *see also Groome Resources Ltd., LLC v. Parish of Jefferson,* 234 F. 3d 192, 200-02(5th Cir. 2000)(reasonable accommodation claim is not premature where defendant failed to act on plaintiff's accommodation request within a reasonable time period).

If I do not hear from you by Wednesday. November 7, 2007 concerning Mr. Perez's accommodation request. I will assume that your client has granted his accommodation for an in home caregiver and that the 60-day notice has been rescinded.

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose*

Mr. Perez's health and disabilities are negatively impacted by the stress this
unresolved issue is placing on him. Thus, I appreciate your *prompt attention* to
this matter. I can be reached at (408) 280-2410 to discuss this issue more
thoroughly.

Sincerely,

Annette D. Kirkham
Senior Attorney

cc:    Charles Perez

# FAIR HOUSING LAW PROJECT

*Proyecto Legal de Viviendas Justas*

Law Foundation of Silicon Valley

111 W. St. John Street, Suite 315

San Jose, California 95113

Fax: 408 293-0106  Telephone: 408 280-2435  TDD: 408 294-5667

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Ryan Mayberry | Annette D. Kirkham,<br>Direct Dial: (408) 280-2410 |
| COMPANY | DATE: |
| Law Offices of Todd Rothbard | 11/2/2007 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER |
| (408) 244-4267 | 3 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| Re:<br>Charles Perez, 2112 Monterey<br>Road, Apt. 132, San Jose | YOUR REFERENCE NUMBER: |

☑ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose.*

TRANSMISSION VERIFICATION REPORT

```
TIME   : 11/02/2007 14:58
NAME   :
FAX    :
TEL    :
SER.#  : 000M4J408260
```

```
DATE,TIME      11/02  14:58
FAX NO./NAME   2444267
DURATION       00:00:22
PAGE(S)        03
RESULT         OK
MODE           STANDARD
               ECM
```

# FAIR HOUSING LAW PROJECT

*Proyecto Legal de Viviendas Justas*

Law Foundation of Silicon Valley

111 W. St. John Street, Suite 315

San Jose, California 95113

Fax: 408-293-0106  Telephone: 408-280-2435  TDD: 408-294-5667

## FACSIMILE TRANSMITTAL SHEET

| TO | FROM: |
|---|---|
| Ryan Mayberry | Annette D. Kirkham, Direct Dial: (408) 280-2410 |
| **COMPANY** | **DATE:** |
| Law Offices of Todd Rothbard | 11/2/2007 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| (408) 244-4267 | 3 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | YOUR REFERENCE NUMBER: |

Re:
Charles Parez, 2112 Monterey
Road, Apt. 132, San Jose

☒ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

Exhibit H

# FAIR HOUSING LAW PROJECT
*Proyecto Legal de Viviendas Justas*
## Law Foundation of Silicon Valley
111 West St. John Street, Suite 315
San Jose, California 95113
Telephone (408) 280-2435 • Fax (408) 293-0106 • TDD (408) 294-5667

November 8, 2007

Ryan Mayberry
Law Offices of Todd Rothbard
4261 Norwalk Drive, Suite 107
San Jose, CA 95129
**VIA FACSIMILE ONLY: (408) 244-4267**

Re:    Charles N. Perez, 2112 Monterey Road, San Jose, CA 95112

Dear Mr. Mayberry:

I write to follow up on the conversation we had yesterday concerning Mr. Perez and your client's decision to proceed with an unlawful detainer action. Based on our conversation yesterday, I understand that your client is unwilling to negotiate regarding Mr. Perez's requested accommodation. Nonetheless, Mr. Perez has authorized me to present one final proposal to your client in an attempt to avoid litigation. The stress of this situation has caused Mr. Perez's health to deteriorate.

Thus, Mr. Perez has authorized me to present the following proposals:

1.    Your client transfer Mr. Perez to a larger unit on the first floor at Markham Plaza and allow him to have a live-in caretaker; or alternatively,

2.    Mr. Perez's caregiver will arrive around 7:00 a.m. every morning and will leave the complex around 10:00 p.m. every evening with the exception of Monday, Wednesday and Friday when Mr. Perez requires his caregiver to stay overnight since these are the days he has Hemodialysis.

Please call me at (408) 280-2410 to discuss these proposals more fully. I appreciate your continued courtesy and prompt attention to this matter.

Sincerely,

Annette Kirkham
Senior Attorney

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose*

# FAIR HOUSING LAW PROJECT

*Proyecto Legal de Viviendas Justas*

Law Foundation of Silicon Valley

111 W. St. John Street, Suite 315

San Jose, California 95113

Fax: 408-293-0106  Telephone: 408-280-2435  TDD: 408-294-5667

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Ryan Mayberry | Annette D. Kirkham, |
|  | Direct Dial: (408) 280-2410 |

| COMPANY | DATE: |
|---|---|
| Law Offices of Todd Rothbard | 11/8/2007 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCL. THIS COVER: |
|---|---|
| (408) 244 4267 | 2 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
|  |  |

| Re: | YOUR REFERENCE NUMBER: |
|---|---|
| Charles Perez, 2112 Monterey Road, #132, San Jose |  |

☑ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS

---

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose.*

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 11/08/2007 10:34
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : 000M4J408260
```

```
  DATE,TIME                    11/08  10:34
  FAX NO./NAME                 2444267
  DURATION                     00:00:18
  PAGE(S)                      02
  RESULT                       OK
  MODE                         STANDARD
                               ECM
```

# FAIR HOUSING LAW PROJECT

*Proyecto Legal de Viviendas Justas*

Law Foundation of Silicon Valley

111 W. St. John Street, Suite 315

San Jose, California 95113

Fax: 408-293-0106  Telephone: 408-280-2435  TDD: 408-294-5667

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Ryan Mayberry | Annette D. Kirkham,<br>Direct Dial: (408) 280-2410 |

| COMPANY | DATE |
|---|---|
| Law Offices of Todd Rothbard | 11/8/2007 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| (408) 244-4267 | 2 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | YOUR REFERENCE NUMBER: |

Re:
Charles Perez, 2112 Monterey
Road, # 132, San Jose

Exhibit I

ORIGINAL
FILED

07 NOV -8 PM 3: 47

RICHA...
U.S. D...          KING
...RT

Annette D. Kirkham (State Bar # 217958)-FILING
FAIR HOUSING LAW PROJECT
111 West Saint John Street, Suite 315
San Jose, California 95113
Telephone: (408) 280-2410
Facsimile: (408) 293-0106

Attorneys for Plaintiff CHARLES N. PEREZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## (San Jose Division)

CHARLES N. PEREZ,

> C07 05690 PVT

Plaintiffs,

v.

EMERGENCY HOUSING
CONSORTIUM, a California non-profit
corporation; EHC LIFEBUILDERS, and
MARKHAM TERRECE APARTMENTS,

Defendants.

> COMPLAINT FOR MONETARY,
> DECLARATORY, AND INJUNCTIVE
> RELIEF; DEMAND FOR JURY TRIAL

## I.    INTRODUCTION

1.    In this action, plaintiff Charles Perez, an individual with serious physical and mental disabilities, seeks injunctive, declaratory and monetary relief against defendants Emergency Housing Consortium, EHC Lifebuilders, and Markham Terrace Apartments who are the owners and operators of a subsidized apartment complex located at 2112 Monterey Road in San Jose, California, for failing to make a reasonable accommodation in their policies and practices regarding his disability conditions, in violation of federal and state fair housing laws.

2.      Defendants have failed to grant Mr. Perez's reasonable accommodation requests to allow him to have an in home care attendant so that Mr. Perez can continue to reside in his apartment.

## II.    JURISDICTION

3.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiff's state law claims because those claims are related to plaintiff's federal law claims and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to plaintiff's federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

## III.    INTRADISTRICT ASSIGNMENT

4.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Northern District of California.

5.      Intradistrict assignment in San Jose is proper since the unlawful conduct that gives rise to these claims occurred in Santa Clara County.

## IV.    PARTIES

6.      Plaintiff Charles Perez, a 61-year old disabled man, is a tenant at Markham Terrace, at 2112 Monterey Road, in San Jose, California. He has been a tenant there for two years. Mr. Perez is disabled. Mr. Perez suffers from physical disabilities including diabetes, end stage kidney disease, and chronic lung disease. As such, Mr. Perez is a handicapped person within the meaning of the federal Fair Housing Amendments Act of 1988, 42 U.S.C. §3602(h), and the California Fair Employment and Housing Act, Cal. Gov't Code § 12955.3. Mr. Perez receives Supplemental Security Insurance ("SSI") benefits of approximately $830 per month as his only source of income.

7.      At all times relevant herein, defendant Emergency Housing Consortium, a non-profit California corporation, with its principal place of business located at 2665 North First

Street. in San Jose, California. has owned two large subsidized housing complexes in San Jose. California.  Mr. Perez is a tenant at Markham Terrace, one of the complexes.  Defendants are engaged in the business of renting apartment units to members of the public.

8.    At all times relevant herein. defendant EHC Lifebuilders, has operated and managed Markham Terrace, a subsidized housing complex located at 2112 Monterey Road, in San Jose, California.  Defendants are engaged in the business of renting apartment units to members of the public.

9.    At all times relevant herein, defendant Markham Terrace, was a subsided apartment complex with 95 units.

10.    At all times relevant herein, defendants have received federal governmental subsidies in order to provide housing for lower-income residents.

11.    At all times relevant herein, defendants were the agents. servants and employees of each other; each defendant was acting within the scope of such agency or employment in doing the things herein alleged; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each other.

## V.    FACTS

12.    In February 2007, Mr. Perez's doctor advised that Mr. Perez have an in-home caretaker so that he could continue to live independently and avoid injury.

13.    Mr. Perez's doctor provided a letter of support for Mr. Perez to give to his property managers at Markham Terrace.  Mr. Perez gave defendant Markham Terrace a copy of this letter in late February 2007.

14.    Mr. Perez did not receive a response to his request.

15.    Therefore, Mr. Perez assumed that his request for accommodation had been granted.

16.    Based on his belief that his reasonable accommodation request had been granted, Mr. Perez obtained the assistance of his son, Jason, to be his in-home caregiver.

17.    Mr. Perez's son Jason was then approved by Santa Clara County's Public Authority In-Home Supportive Services, to provide the care and assistance Mr. Perez required in order to live independently.

18.    On August 31, 2007, Mr. Perez received a 60-Day Notice to Terminate his Tenancy from defendant EHC Lifebuilders.

19.    The 60 Day Notice alleged that Mr. Perez had violated his lease agreement by having an unauthorized occupant in his unit.

20.    On September 2, 2007, Mr. Perez sent defendants EHC Lifebuilders, Emergency Housing Consortium and Jennifer Loving a letter disputing that he had violated his lease and once again requested that defendants accommodate his disabilities.

21.    Instead of receiving a response to his letter, defendants issued yet another 60-Day Notice of Termination of Tenancy on September 12, 2007.

22.    On October 16, 2007, Mr. Perez's attorney renewed Mr. Perez's accommodation request and provided yet another letter from Mr. Perez's doctor outlining the severity of Mr. Perez's disabilities and his need for an in-home caregiver.

23.    The supporting letter from Mr. Perez's doctor detailed Mr. Perez's numerous disabilities and clearly explained the necessity of an in-home caregiver for Mr. Perez.

24.    On October 23, 2007, Mr. Perez's attorney talked with the attorney representing EHC Lifebuilders with regard to the 60 Day Notice. Defendants' attorney said that they would contact their client to discuss Mr. Perez's request and would advise Mr. Perez's attorney regarding the status of his accommodation request.

25.    On November 2, 2007, Mr. Perez's attorney sent yet another letter to defendants' attorney requesting a response to Mr. Perez's accommodation request.

26.    The second 60-Day Notice expires on November 13, 2007, and Mr. Perez risks becoming homeless.

27.    One of Mr. Perez's attorneys spoke to defendants' attorney who said that defendants were not going to honor Mr. Perez's accommodation request.

## VI.    INJURIES

4

28.     The impending eviction as a result of defendants' failure to grant Mr. Perez's reasonable accommodation request has caused great hardship and distress to plaintiff. Since receiving the last 60-Day Notice from defendants, Mr. Perez has been without an in-home caregiver and is at significant risk for injury. If Mr. Perez if forced to move from the property, he will likely become homeless and his health will continue to deteriorate.

29.     Defendants have failed to adequately train and supervise their employees, agents, and themselves regarding the federal and state fair housing laws.

30.     Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against persons with disabilities in the operation of the property. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

31.     By reason of defendants' unlawful acts and practices, Mr. Perez has suffered humiliation, mental anguish, and emotional distress, and the attendant physical injuries and conditions, as well as violation of his civil rights and jeopardy of his housing and his Section 8 certificate. Accordingly, Mr. Perez is entitled to compensatory damages.

32.     Defendants acted intentionally, maliciously, wantonly, recklessly, and in bad faith as described herein. Accordingly, Mr. Perez is entitled to punitive damages.

33.     There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws. Accordingly, Mr. Perez is entitled to declaratory relief.

34.     Unless enjoined, defendants will continue to engage in the unlawful acts and discrimination described above. Mr. Perez has no adequate remedy at law. Mr. Perez is now suffering and will continue to suffer irreparable injury from defendants' acts and their discrimination against disabled persons unless relief is provided by this Court. Accordingly, Mr. Perez is entitled to injunctive relief.

## VII.   CLAIMS

### A. FIRST CLAIM

### [Fair Housing Amendments Act, 42 U.S.C. § 3601 et seq.]

35.    Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 above.

36.    Defendants injured Mr. Perez in violation of the Fair Housing Amendments Act by:

    A.    Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford handicapped persons equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

    B.    Discriminating or otherwise making unavailable dwellings because of handicap, in violation of 42 U.S.C. § 3604(f)(1);

    C.    Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of handicap, in violation of 42 U.S.C. § 3604(f)(2); and

    D.    Interfering with any person in the exercise or enjoyment of rights guaranteed by the Fair Housing Amendments Act because of handicap, in violation of 42 U.S.C. § 3617;

37.    As a proximate result of defendants' conduct, Mr. Perez has been damaged, and continues to suffer damage, as set forth above.

## B.    SECOND CLAIM

**[California Fair Employment and Housing Act, Cal. Gov't. Code § 12955 et seq.]**

38.    Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37.

39.    Defendants have injured Mr. Perez in violation of the California Fair Employment and Housing Act by:

    A.    Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford disabled persons equal opportunity to use and enjoy a dwelling, in violation of Cal. Gov't Code §§ 12927(c), 12955(a);

B.   Discriminating or otherwise making unavailable dwellings because of disability, in violation of Cal. Gov't Code §§ 12955(a), 12955(k);

C.   Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of disability, in violation of Cal. Gov't Code §§ 12927(c), 12955(a); and

D.   Harassing, evicting, or otherwise discriminating against persons in the rental of housing accommodations in retaliation for that person's opposition to practices unlawful under the California Fair Employment and Housing Act, in violation of California Government Code § 12955(f).

40.   As a proximate result of defendants' conduct, Mr. Perez has been damaged, and continues to suffer damage, as set forth above.

## C.  THIRD CLAIM

### [Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)]

41.   Mr. Perez realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 40 above.

42.   On information and belief, defendants have received federal funding to build and operate Markham Terrace Apartments.

43.   Mr. Perez is a person with disabilities otherwise qualified to live at Markham Terrace Apartments.

44.   In doing the things alleged herein, defendants have violated their obligation under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, to operate Markham Terrace Apartments in a nondiscriminatory manner toward persons with disabilities.

45.   As a proximate cause of defendants' conduct, Mr. Perez has been damaged, as set forth above. Mr. Perez has suffered and continues to suffer damages, as alleged herein.

## D.  FOURTH CLAIM

### [California Unruh Civil Rights Act, Cal. Gov't. Code § 51 *et seq.*]

46.    Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 above.

47.    In undertaking the acts herein alleged, defendants have violated Mr. Perez's right to fair housing under the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq., in that defendants discriminated against Mr. Perez based on his disabilities in the operation of the property, a business establishment.

48.    The conduct of defendants alleged herein constitutes a denial of full and equal access to housing accommodations to Mr. Perez within the meaning of California Civil Code § 51 et seq.

49.    As a proximate cause of defendants' conduct, Mr. Perez has been damaged, and continues to suffer damage, as set forth above.

## E.   FIFTH CLAIM
### [California Civil Code §54.1]

50.    Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49 above.

51.    Defendants injured Mr. Perez by committing the following unlawful practices:

A.    Denying full and equal access to housing accommodations, in violation of California Civil Code § 54.1(b)(1); and

B.    Refusing to make reasonable accommodations in rules, policies, practices, or services when those accommodations may be necessary to afford individuals with disabilities equal opportunity to use and enjoy housing accommodations, in violation of California Civil Code § 54.1(b)(3)(B).

52.    As a proximate cause of defendants' conduct, Mr. Perez has been damaged, and continues to suffer damage, as set forth above.

53.    Pursuant to California Civil Code §54.1, Mr. Perez is entitled to statutory damages, among other remedies, of up to three times his actual damages as determined by a trier of fact.

## F.  SIXTH CLAIM
### [Negligence]

54.    Mr. Perez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53 above.

55.    Defendants owed Mr. Perez a duty to operate the rental premises in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and each other to fulfill that duty.  Defendants negligently violated that duty by discriminating against Mr. Perez on account of his disabilities.  The ways that defendants violated that duty include, but are not limited to, negligently failing to train their employees and each other regarding the requirements of federal and state fair housing laws, negligently failing to hire persons who were familiar with the requirements of federal and state fair housing laws, negligently failing to supervise employees and agents regarding compliance with state and federal fair housing laws, and negligently failing to discipline or terminate employees who do not comply with the federal and state fair housing laws.

56.    As a legal result of defendants' negligent conduct, Mr. Perez has suffered humiliation, mental anguish, and emotional distress, and the attendant physical injuries and conditions.

## VIII.  RELIEF

WHEREFORE, Mr. Perez prays for the following relief:

1.    That the Court assume supplemental jurisdiction over all state law claims, pursuant to 28 U.S.C. § 1367;

2.    That the Court enjoin all unlawful practices complained about herein and impose affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants regardless of

disability, including providing training regarding fair housing laws for all employees and agents, and to enjoin defendants from:

    A.    Refusing to make reasonable accommodations in their policies, practices, and rules for tenants' disabilities; and

    B.    Discriminating against tenants with disabilities in the terms and conditions of their tenancy.

3.    That the Court declare that defendants have violated the provisions of applicable federal and state fair housing laws;

4.    That the Court award compensatory and punitive damages to plaintiff according to proof;

5.    That the Court award up to three times the amount of actual damages to plaintiff against each defendant pursuant to California Civil Code § 54.1;

6.    That the Court grant costs of suit, including reasonable attorney's fees; and

7.    That the Court grant all such other relief as the Court deems just.

DATED: November 8, 2007

                                    FAIR HOUSING LAW PROJECT

                                      Annette D. Kirkham
                                      Attorney for Plaintiffs

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Perez hereby requests a trial by jury as to each and every claim for which he is so entitled.

Dated: November ᕭ, 2007

FAIR HOUSING LAW PROJECT

Annette D. Kirkham
Attorney for Plaintiffs

11
Complaint
Perez v. Emergency Housing Consortium, et al.

Exhibit J

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER--EVICTION
#### (RETENCIÓN ILÍCITA DE UN INMUEBLE--DESALOJO)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: CHARLES NICKLOAS PEREZ aka
(AVISO AL DEMANDADO): CHARLES PEREZ,

DOES I through V, inclusive.
YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDO EL DEMANDANTE):
EHC LIFEBUILDERS, INC.

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar Una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la Corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

1. The name and address of the court is: Superior Court of the Santa Clara
   (El nombre y dirección de la corte es): Judicial District, 191 North First
   Street, San Jose, CA 95113

CASE NUMBER:
(Número del caso):
1 0 7 C V 0 9 9 5 5 8

2. The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
   (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
   Todd Rothbard
   Attorney at Law #67351
   4281 Norwalk Drive #107
   San Jose, Ca 95129

3. (Must be answered in all cases.) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) [X] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: NOV 2 8 2007      Chief Executive Officer Clerk      Clerk, by _____, Deputy
(Fecha)                                                    (Secretario)                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
      under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)            [ ] other (specify):
5. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2004]

SUMMONS--UNLAWFUL DETAINER-EVICTION

Page 1 of 2
Code of Civil Procedure, §§ 412.20,415.456.1187

TODD ROTHBARD #67351
ALAN HORWITZ #176111
RYAN MAYBERRY #232622
STEVE NAUMCHIK #208985
LAW OFFICE OF TODD ROTHBARD
4261 Norwalk Drive #107
San Jose, California 95129
Tel: (408) 244-4200
Fax: (408) 244-4267
Attorneys for Plaintiff

SUPERIOR COURT – SANTA CLARA JUDICIAL DISTRICT
LIMITED CIVIL JURISDICTION
COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

| | |
|---|---|
| EHC LIFEBUILDERS, INC., | NO. 1 0 7 C V 0 9 9 5 5 8 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR UNLAWFUL DETAINER** |
| CHARLES NICKLOAS PEREZ aka CHARLES PEREZ, DOES I through V, inclusive | |
| | *Total damages sought are UNDER $10,000.00 |
| Defendant | |

Plaintiff alleges:

I

At all times herein mentioned, plaintiff was, and now is a corporation licensed to do business in the State of California and doing business in the above entitled County and Judicial District.

II

The real property owned by plaintiff, possession of which is sought in this action, is situated at 2112 Monterey Road, Apartment #132, San Jose, California 95112 in the above named County and Judicial District.

III

The true names of defendants named herein as DOES I through V, inclusive, are unknown to plaintiff who therefore sues said defendants by said fictitious names and prays leave to amend this complaint to show the true names as they become known.

COMPLAINT FOR UNLAWFUL DETAINER

- 1

IV

On December 13, 2004, plaintiff leased the above described premises to defendant pursuant to a written lease agreement. A copy of said lease agreement has been attached hereto, marked "EXHIBIT A", incorporated by reference herein, and made part hereof.

V

Defendant has materially violated the lease agreement. Specifically, Section 3 of the lease agreement states that the premises are to be used only as a private residence for tenant, and for no other purpose without Landlord's prior written consent. Section 10 of the lease agreement states that tenant shall not sublet any part of the premises or assign the lease agreement without the prior written consent of Landlord.

In violation of Section 3 and Section 10 of the lease agreement, defendant has an unauthorized occupant living in his unit. Defendant has not obtained the written permission of the Landlord before allowing this person to move in to his unit.

VI

On September 12, 2007, as a result of said violations, plaintiff caused to be served upon the defendant a written notice requiring defendant to deliver up possession of said premises within sixty days of the date of service of said notice. A copy of said notice is attached hereto, marked "EXHIBIT B", incorporated by reference herein, and made part hereof.

VII

More than sixty days have elapsed since the date of service of said notice upon defendant, but defendant remains in possession of said premises and has failed and refused to vacate said premises. By virtue of the provisions of California Code of Civil Procedure Section 1161(1), there is an unlawful detainer of said premises and plaintiff is entitled to possession of said premises.

COMPLAINT FOR UNLAWFUL DETAINER

- 2

VIII

The reasonable rental value of said premises is the sum of $26.90 per day, and damages for the unlawful detainer of said premises will accrue at said rate from November 13, 2007 and will continue to accrue at said rate until such time as defendant vacates said premises.

IX

Section 22 of the lease agreement between the parties provides that the prevailing party in any litigation thereto shall be entitled to recover its attorney's fees and costs incurred in connection with such litigation. Plaintiff has been compelled to commence litigation to regain possession of the premises and has incurred attorney's fees in the minimum sum of $700.00 if this matter proceeds by default, or such larger sum as may prove necessary to prosecute it in even it is opposed or contested by defendant.

WHEREFORE: plaintiff prays judgment as follows:

1. For restitution of possession of said premises and forfeiture of the lease.

2. For damages at the rate of $26.90 per day from November 13, 2007, through the date of restitution of possession or the date of judgment herein, whichever comes first.

3. For attorney's fees of at least $700.00.

4. For costs herein, and for such other and further relief as to the Court may seem just and proper.

DATED:    November 13, 2007

RYAN MAYBERRY
LAW OFFICES OF TODD ROTHGARD
Attorney for Plaintiff

COMPLAINT FOR UNLAWFUL DETAINER

- 3

1. **Identification of Landlord and Tenant.** This Agreement is made and entered into on 12|13 20__ between Sparks Nickkons Perez ("Tenant") and Emergency Housing Consortium ("Landlord"). Each tenant is jointly and severally liable for the payment of rent and performance of all other terms of this Agreement.

2. **Identification of Premises and Occupants.** Subject to the terms and conditions set forth in this Agreement, Landlord rents to Tenant, and Tenant rents from Landlord, for residential purposes only, the premises located at 2112 Monterey Highway, Apartment Apt 132 , San Jose, California ("the premises"). The premises shall be occupied by the undersigned Tenant.

3. **Limits on Use and Occupancy.** The premises are to be used only as a private residence for Tenant, and for no other purpose without Landlord's prior written consent.

4. **Defining the Term of the Tenancy.** The rental shall begin on 12|13 , 20 Y , and shall end on 11|30 , 20 Y . Thereafter the Lease shall automatically continue on a month-to-month tenancy until (1) termination of the Agreement by the Landlord or the Tenant in accordance with provisions of this Agreement or (2) termination of the Housing Authority Payments Contract (Contract) by the Housing Authority of the County of Santa Clara (HA). The term of this Agreement between the Landlord and Tenant shall run concurrently with the term of the Contract between the Landlord and the Housing Authority. This tenancy may be terminated by Landlord or Tenant and may be modified by Landlord, by giving 30-days' written notice to the other.

5. **Amount and Schedule for the Payment of Rent.** The rent shall be set at $ 927 of which the Tenant shall pay to Landlord a monthly share of $ 218.00 payable in advance on the first day of each month, except when that day falls on a weekend or legal holiday, in which case rent is due on the next business day. Tenant's share of the rent shall be paid to Emergency Housing Consortium at 2011 Little Orchard Street, San Jose, California 95125, or at such other place, as Landlord shall designate from time to time. The rent paid directly by the tenant represents tenant's portion of the total rent. It is understood that in the event that the Housing Authority of Santa Clara County determines that a tenant is not eligible for a rental subsidy, it shall be the sole responsibility of the tenant to pay the total rent for the unit to Landlord.

   a. The form of payment shall be personal check, cashier's check, or money order.

   b. On signing this Agreement, Tenant shall pay to Landlord for the period of 12|13 , 20 Y , through 12|31 , 20 Y , the sum of $ 130.68 , as his/her share of the rent, payable in advance.

6. **Late Charges.** Tenant shall pay Landlord a late charge if Tenant fails to pay the rent in full within five (5) days of the date it is due. The late charge shall be ten dollars ($10.00). Emergency Housing Consortium does not waive the right to insist on payment of the rent in full on the date it is due.

7. **Returned Check and Other Bank Charges.** In the event any check offered by Tenant to Landlord in payment of rent or any other amount due under this Agreement is returned for lack of sufficient funds, a "stop payment" or any other reason, Tenant shall pay Landlord a returned check charge in the amount of twenty-five dollars ($25.00).

8. **Amount and Payment of Deposits.** On signing this Agreement, Tenant shall pay to Landlord the sum of $ 218.00 ___ as a security deposit. Tenant may not, without Landlord's prior written consent, apply this security deposit to the last month's rent or to any other sum due under this Agreement. Within three weeks after Tenant has vacated the premises, Landlord shall furnish Tenant with an itemized written statement of the reasons for, and the dollar amount of, any security deposit retained by the Landlord, along with a check for any deposit balance. Under Section 1950.5 of the California Civil Code, Landlord may withhold only that portion of Tenant's security deposit necessary to: (1) remedy any default in the payment of rent; (2) repair damages to the premises exclusive of ordinary wear and tear; and (3) clean the premises if necessary.



10. **Prohibition of Assignment and Subletting.** Tenant shall not sublet any part of the premises or assign this Agreement without the prior written consent of Landlord.

11. **Condition of the Premises.** Tenant agrees to (1) keep the premises clean and sanitary and in good repair, and upon termination of the tenancy, to return the premises to Landlord in a condition identical to that which existed when Tenant took occupancy, except for ordinary wear and tear; (2) immediately notify Landlord of any defects or dangerous conditions in and about the premises of which they become aware; and (3) reimburse Landlord, on demand by Landlord; for the cost of any repairs to the premises damaged by Tenant or their guests or invitees through misuse or neglect.

12. **Possession of the Premises.** If, after signing this Agreement, Tenant fails to take possession of the premises, they shall still be responsible for paying rent and complying with all other terms of this Agreement. In the event Landlord is unable to deliver possession of the premises to Tenant for any reason not within Landlord's control, including, but not limited to, failure of prior occupants to vacate or partial or complete destruction of the premises, Tenants shall have the right to terminate this Agreement. In such event, Landlord's liability to Tenant shall be limited to the return of all sums previously paid by Tenant to Landlord.

13. **Pets.** No animal, bird, or other pet shall be kept on the premises without Landlord's prior written consent, except properly trained dogs needed by the blind, deaf or physically disabled persons.

14. **Landlord's Access for Inspection and Emergency.** Landlord or Landlord's agents may enter the premises in the event of an emergency to make repairs or improvements, supply agreed services, for inspection, or to show the premises to prospective buyers or tenants. Except in cases of emergency, Tenant's abandonment of the premises or court order, Landlord shall give Tenant reasonable notice of intent to enter and shall enter only during regular business hours of Monday through Friday from 9:00 a.m. to 6:00 p.m. and Saturday from 10:00 a.m. to 1:00 p.m.

15. **Extended Absences by Tenant.** Tenant agrees to notify Landlord in the event that they will be away from the premises for fifteen (15) consecutive days or more. Landlord may enter the premises at times reasonably necessary to maintain the property and inspect for damage and needed repairs.

16. **Prohibitions Against Violating the Laws and Causing Disturbances.** Tenant shall be entitled to quiet enjoyment of the premises. Tenant and their guests or invitees shall not use the premises or adjacent areas in such a way as to: (1) violate any law or ordinance, including laws prohibiting the use, possession or sale of illegal drugs; (2) commit waste or nuisance; or (3) annoy, disturb, inconvenience or interfere with the quiet enjoyment and peace and quiet of any other tenant or nearby resident.

17. **Repairs and Alterations.** Tenant shall not, without the Landlord's prior written consent, alter, re-key, or install any locks to the premises or install or alter any burglar alarm system. Tenant shall provide Landlord with a key or keys capable of unlocking all such re-keyed or new locks as well as instructions on how to disarm any altered or new burglar alarm system. Except as provided by law or as authorized by the prior written consent of Landlord, Tenant shall not make any repairs or alterations to the premises.

18. **Damage to the Premises.** In the event the premises are partially or totally damaged or destroyed by fire or other cause the following shall apply:

   a. If the premises are totally damaged and destroyed, Landlord shall have the option to: (1) repair such damage and restore the premises, with this Agreement continuing in full force and effect, except that Tenant's rent shall be abated while repairs are being made; or (2) give written notice to Tenant terminating this Agreement at any time within thirty (30) days after such damage, and specifying the termination date; in the event that Landlord gives such notice, this Agreement shall expire and all of Tenant's rights pursuant to this Agreement shall cease.

C P

...pt to repair such damage and restore the premises, upon or ... (30) days after such notice, the usable part, to be determined solely by Landlord.  If Landlord is unable to complete repairs within thirty (30) days, this Agreement shall expire and all of Tenant's rights pursuant to this Agreement shall terminate at the option of either party.

c.  In the event that Tenant, or their guests or invitees, in any way caused or contributed to the damage of the premises, Landlord shall have the right to terminate this Agreement at any time, and Tenant shall be responsible for all losses, including, but not limited to, damage and repair costs as well as loss of rental income.

19. **Tenant's Financial Responsibility and Renters' Insurance.**  Tenant agrees to accept financial responsibility for any loss or damage to personal property belonging to Tenant and their guests and invitees caused by theft, fire or any other cause.  Landlord assumes no liability for any such loss.  Landlord recommends that Tenant obtain a renter's insurance policy from a recognized insurance firm to cover Tenant's liability, personal property damage and damage to the premises.

20. **Waterbeds.**  No waterbed or other item of water-filled furniture shall be kept on the premises without Landlord's prior written consent.

21. **Tenant Rules and Regulations.**  Tenant acknowledges receipt of, and has read a copy of, tenant rules and regulations, which are labeled Attachment A and are attached to and incorporated into this Agreement by reference.

22. **Payment of Attorney Fees and Costs.**  In any action or legal proceeding to enforce any part of this Agreement, the prevailing party shall recover reasonable attorney fees and court costs.

23. **Provision of Income Information.**  Tenant hereby agrees to provide all income information to Owner on an annual basis.  In addition, Tenant hereby acknowledges and agrees that such income information will be transferred by Owner to governmental entities who have funded the Monterey Glen Inn housing program and project including, but not limited to the following: City of San Jose, County of Santa Clara, the Housing Authority of Santa Clara County, and the U.S. Department of Housing and Urban Development.  The failure of Tenant to provide income verification when requested constitutes a breach of this Agreement and is grounds for termination of the tenancy, with appropriate notice to tenant, in accordance with procedures as required by law.

24. **Authority to Receive Legal Papers.**  Any person managing the premises, the Landlord and anyone designated by the Landlord are authorized to accept service of process and receive other notices and demands, which may be delivered to:

a.  The manager at the following address: 2112 Monterey Highway, San Jose, California 95112.
b.  The Landlord at the following address: 2011 Little Orchard Street, San Jose, California 95125, attention Cristina L. Hamley.

25. **Entire Agreement.**  This document constitutes the entire Agreement between the parties, and no promises or representations, other than those contained here and those implied by law, have been made by Landlord or Tenant.  Any modifications to this Agreement must be in writing signed by Landlord and Tenant.  The failure of Tenant or their guests or invitees to comply with any term of this Agreement is grounds for termination of the tenancy, with appropriate notice to Tenant and procedures as required by law.

_____
Landlord/Manager

_____
Tenant

12|13|04
Date

12|13|04
Date

# MONTEREY GLEN INN
## House Rules
### Attachment A

The following rules are an addendum to the Monterey Glen Inn Rental Agreement and failure to comply is a violation of the rental agreement.

1. **Visiting Hours:** Guests visiting at MGI are welcome between 9:00 a.m. and 11:00 p.m. Sunday through Thursday and from 9:00 a.m. to 1:00 a.m. on Friday and Saturday. Tenants are responsible for all guests, including children, when they are on the premises. Guests MUST ALWAYS be accompanied by the Resident. All guests are required to sign in and out at the office. Overnight guests (immediate family members only) will be allowed on a case-by-case basis. All such guests must be registered in writing beforehand and approved by the Site Manager.

2. **Emergencies:** In the event of a medical emergency, call 911 immediately and then notify the site manager.

3. **Maintenance Emergencies:** Maintenance emergencies shall be reported to the site manager at 271-8690.

4. **Trash, Dumpsters:** Residents are not allowed to store trash outside of entrance doors or on balconies or patios. "Dumpster Diving" for recyclable materials is strictly forbidden. Each resident is responsible for the removal from the premises of any large personal items, which do not fit in the trash receptacle. Each resident is responsible for cleaning up after themselves in the common areas. Waste receptacles in the laundry, mail, and pool areas are not to be used for household garbage.

5. **Balconies, Patios:** Patios and balconies are to remain free of clutter.

6. **Public Areas:** Residents are not permitted to store any personal items in the parking areas or other public areas.

   a) **Recreational Facilities:** Guests MUST ALWAYS be accompanied by the Resident. The use of the facilities by guests is on an "as available" basis.



b) **Swimming Pool Area:** Please see the attached Swimming Pool Rules. For the safety of all residents and guests, glass and other breakables are not permitted in the fenced swimming pool area. Rules.

c) **Laundry Room:** Residents using the laundry room are to remove finished laundry promptly and to clean up after themselves when through. Laundry may be done only during the hours posted in the Laundry Room. Management is not responsible for the safety of your laundry.

7. **General Conduct:** Threats of bodily injury, violence, fighting or other abusive behavior or language directed towards other residents, guests or to management or staff of MGI or EHC will not be tolerated. Illegal activities are no allowed or condoned on MGI premises. Public consumption of alcoholic beverages or the appearance of being under the influence of alcohol or other substances is not allowed.

8. **Zero Tolerance of Drugs:** HUD and EHC have declared MGI a drug free zone. The sale, possession or use of any illegal drugs by either a resident or his/her guest will result in the immediate eviction of that resident.

9. **Vehicles:** Residents owning a vehicle and desiring a space must register that vehicle with the site manager and affix the appropriate sticker to the right rear window of the automobile (or rear fender of a motorcycle).

a) No trailers, boats, commercial vehicles, taxicabs or other than Personal passenger cars may be parked in the parking spaces.

b) Cars are not to be backed into stalls.

c) No mechanical work or oil changes will be allowed on the premises other than changing tires or jump starting batteries.

d) All vehicles must have a current registration.

**Owner reserves the right to make and enforce such other reasonable rules and regulations as in Owner's judgment may be deemed necessary or advisable from**

LAW OFFICE OF TODD B. ROTHBARD

*EXHIBIT B* 

4261 Norwalk Drive, No. 107
San Jose, California 95129

TODD B. ROTHBARD
ALAN HORWITZ
RYAN MAYBERRY
STEVE NAUMCHIK

Phone: (408) 244-4200
Fax: (408) 244-4267

## <u>SIXTY DAY NOTICE OF TERMINATION OF TENANCY</u>

TO: CHARLES NICKLOAS PEREZ aka CHARLES PEREZ, and all tenants in possession:

PLEASE TAKE NOTICE that your tenancy of the below described premises is terminated effective sixty (60) days from the date of service of this NOTICE upon you, and you are required to quit and deliver up possession of said premises within said sixty day period.

YOUR TENANCY IS BEING TERMINATED because you have materially violated the terms of your lease agreement. Specifically, Section 3 of the lease agreement states that the premises are to be used only as a private residence for tenant, and for no other purpose without Landlord's prior written consent. Section 10 of the lease agreement states that tenant shall not sublet any part of the premises or assign the lease agreement without the prior written consent of Landlord.

In violation of Section 3 and Section 10 of the lease agreement, you have an unauthorized occupant living in your unit. You have not obtained the written permission of the Landlord before allowing this person to move in to your unit.

YOUR FAILURE to comply with this Notice will result in the immediate institution of legal proceedings against you to recover possession, attorney's fees, and court costs.

YOU HAVE THE LEGAL RIGHT to request an initial inspection of your unit and be present during the inspection. The purpose of this inspection is to allow you the opportunity to correct any deficiencies in the unit in order to avoid deductions from the security deposit. Please contact your landlord (contact information directly below) to request an initial inspection.

EHC Lifebuilders
2010 Monterey Road
San Jose, California 95112
(408) 271-8811

The premises herein referred to are situated in the city of San Jose, County of Santa Clara, State of California, and are designated as follows:

2112 Monterey Road
Apartment #132
San Jose, California 95112

Page 1 of 2

## LAW OFFICE OF TODD B. ROTHBARD

YOU MAY DISCUSS THIS NOTICE and your proposed eviction with the landlord within ten (10) days of the date of service of this notice upon you.

YOU MAY DEFEND ANY EVICTION based upon this notice in court.

Dated this 12th day of September, 2007

By:

RYAN MAYBERRY
Law Offices of Todd Rothbard
Attorney for Lessor, EHC Lifebuilders

# DECLARATION OF SERVICE OF NOTICE TO RESIDENT

I, the undersigned declare that at the time of service of the papers herein referred to, I was at least eighteen (18) years of age, and that I served the following notice:

☐ Notice to Pay Rent or Quit
☐ Thirty Day (30) Notice of Termination of Tenancy
☐ Ninety Day (90) Notice of Termination of Tenancy
☒ Other _Sixty Day (60) Notice of Termination of Tenancy_

On the following resident(s): _Charles Perez_

_____

on the _13th_ day of _September_, 20_07_.

☐ BY DELIVERING a copy for each of the above-named resident(s) PERSONALLY

OR

☐ BY LEAVING a copy for each of the above-named resident(s) with a person of suitable age and discretion at the residence or usual place of business of the resident(s), said resident(s) being absent thereof;

AND MAILING by first class mail on said date a copy to each resident(s) by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named resident(s) at their place of residence.

OR

☒ BY POSTING a copy for each of the above-named resident(s) in a conspicuous place on the property therein described there being no person of suitable age or discretion to be found at any known place of residence of said resident(s);

AND MAILING by first class mail on said date a copy to each resident(s) by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named resident(s) at their place of residence

I declare, under penalty of perjury, the at the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed this _13th_ day of _Sept_, 20_07_ at _San Jose_, California.

_____
Declarant